UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VERMONT JOE PHILLIPS,<br><br>           Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>           Defendant. | No. 13-cv-106-JPH<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

   BEFORE THE COURT are cross-motions for summary judgment. ECF Nos. 14 and 20. The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the parties' briefs, the court **grants** plaintiff's motion for summary judgment, **ECF No. 14**.

## JURISDICTION

   Phillips protectively applied for disability insurance benefits (DIB) on September 21, 2009. He alleged onset beginning July 16, 2009 (Tr. 162-65). Benefits were denied initially and on reconsideration (Tr. 104-06, 110-11 ). ALJ Gene Duncan held a hearing on April 4, 2011 (Tr. 36-101) and issued an unfavorable decision on August 22, 2011 (Tr. 22-29). The Appeals Council denied review on January 14, 2013 (Tr. 1-3). The matter is now before the Court pursuant

ORDER - 1

to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on March 13, 2013. ECF Nos. 1 and 5.

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision and the parties' briefs. They are only briefly summarized here and as necessary to explain the court's decision.

Phillips was 56 years old at onset. He has an eleventh grade education and has worked as a hand packer, forklift operator, warehouse worker, lab courier, assembler and janitor (Tr. 38, 85-87, 187). He alleges disability based on obstructive sleep apnea, pancreatitis and arthritic knees. On appeal Phillips alleges the ALJ erred when he weighed the medical expert's testimony and assessed credibility. ECF No. 14 at 3.

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423 (d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process or determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step

one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. §404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the

ORDER - 3

Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

Congress limits the scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be

ORDER - 4

set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## ALJ'S FINDINGS

ALJ Duncan found Phillips was insured through December 31, 2013 (Tr. 22, 24). At step one, he found Phillips did not work at SGA levels after onset on July 16, 2009 (Tr. 24). At steps two and three, he found Phillips suffers from obstructive sleep apnea with complaints of CPAP treatment intolerance and minimal arthritis of the knees, impairments that are severe but do not meet or medically equal a listed impairment (Tr. 24-25). The ALJ found Phillips less than fully credible and able to perform a range of medium work (Tr. 25, 28). At step four, the ALJ found Phillips can perform his past relevant work as a janitor (Tr. 28). The ALJ concluded Phillips was not disabled from onset through the date of the decision (Tr. 29).

## ISSUES

Phillips alleges the ALJ failed to properly weigh the medical expert's opinion and erred when he assessed credibility. ECF No. 14 at 3. The Commissioner admits error but alleges it is harmless. ECF No. 20 at 6-11, 13.

## DISCUSSION

*A. Medical expert*

Phillips alleges the ALJ should have given more credit to the opinion of Alexander White, M.D., who testified at the hearing. ECF No. 14 at 3, 6-9. The Commissioner responds that the ALJ's error is harmless because the court can conclude from the record that the ALJ would have reached the same result absent

ORDER - 5

the error. ECF No. 20 at 6-7.

The Court agrees with Phillips.

In 2005 Phillips underwent a polysomnography (sleep) test (Tr. 359-66). He was assessed with "severe, primarily obstructive sleep apnea" with sleep "significantly fragmented"(Tr. 362); *see also* Tr. 368, noting multiple positive sleep exams. Dr. White testified Phillips suffers from obstructive sleep apnea that does not meet or equal a listing, and from being overweight (Tr. 49-52, 54 ). He opined that a single episode of possible pancreatitis in 2010 would not meet the twelve month duration requirement (Tr. 50). With respect to treatment for sleep apnea, Dr. White stated "They tried to get a CPAP, but he didn't tolerate the mask so they tried to give him nasal oxygen, but apparently he claimed that didn't help him" (Tr. 54). Dr. White noted many people do not tolerate the mask. He observed that in addition to the CPAP machine and nasal oxygen, the only other treatment options appear to be weight loss and surgery (Tr. 55).

Dr. White adopted the RFCs by Drs. Joseph and Hoskins as "very reasonable." They opined Phillips needed rest breaks every hour due to bilateral knee osteoarthritis. They note difficulty driving due to daytime sleepiness (Tr. 244-248, 258-64). Dr. White added a limitation on crawling due to Phillips' weight (Tr. 52-53). He further opined that Phillips would maybe be late to work three or four days a month, by perhaps 30 to 60 minutes; moreover, it would be reasonable that he would need two to three 30-minute naps during the day because of fatigue and sleepiness (Tr. 59). Dr. White notes records show Phillips was sleepy during a claim interview, also a reasonable occurrence, given Phillips' diagnosis (Tr. 57, 193) .

When the ALJ incorporated Dr. White's limitations in an RFC presented to the VE, the VE testified these impairments would prevent work (Tr. 94).

Ultimately, the ALJ excluded from his RFC determination the amount of

ORDER - 6

time Phillips would likely be tardy and the need for naps (Tr. 25). Instead, the written RFC includes a requirement for five-minute rest periods each hour (Tr. 25), but this limitation was not included in questions to the VE (Tr. 89-90).

The ALJ rejected Dr. White's opinion because "assertions of possible absenteeism and tardiness are not supported as the claimant has either been working or looking for employment, and more importantly, has not sought or required (utilized the prescribed) treatment for his sleep disturbance" (Tr. 29).

Both are incorrect. The ALJ's reliance on Phillips' ability to work cleaning a church 25 hours a week for three to four months, alone, is not a clear and convincing reason for rejecting his subjective symptom testimony, nor does it provide substantial evidence for rejecting Dr. White's assessed limitations.

In *Lingenfelter*, the Court noted that it does not follow from the fact that a claimant tried to work for a short period of time and, because of his impairments, *failed,* that he did not then experience pain and limitations severe enough to preclude him from *maintaining* substantial gainful employment. *Lingenfelter v. Astrue,* 504 F.3d 1028, 1038 (9th Cir. 2007). Indeed, we have suggested that similar evidence that a claimant tried to work and failed actually *supported* his allegations of disabling pain. *Id.*; *See Fair v. Bowen,* 885 F.2d 597, 604 (9th Cir. 1989) (affirming the ALJ's finding that the claimant was not credible, but noting that the ALJ "could easily have relied on other ... evidence in the record to reach the opposite conclusion. Fair attempted to work in 1981, but testified that his pain forced him to stop."); *see also Rosario v. Sullivan,* 875 F.Supp. 142, 146 (E.D.N.Y. 1995) (holding that substantial evidence did not support the ALJ's decision that claimant was not disabled, in part because claimant's unsuccessful work attempt weighed in favor of a disability finding); *cf. Reddick,* 157 F.3d at 722 ("Several courts, including this one, have recognized that disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations.").

ORDER - 7

This reason is especially unconvincing where, as in Phillips' case, he attempted to work only because of extreme economic necessity. He testified he gets food from the food bank and rents a room. At times he has slept in his car. He has been caught sleeping in a janitor's closet a couple of times, has sometimes been late for work due to sleep problems, has fallen asleep at work and been laid off of several jobs. He tends to fall asleep on the job and that makes it difficult to keep jobs. Phillips was able to work at a self-directed pace at his last job, including taking naps, when he worked part-time cleaning a church (Tr. 38, 43, 47, 67, 70-71, 74, 76-79, 186, 368, 376). Under these circumstances, it is at least as likely that the claimant tried to work in spite of his symptoms, not because they were less severe than alleged.

It is also significant that the Social Security Administration permits recipients of disability benefits to work on a trial basis without the trial work period adversely affecting their disability status. Specifically, when a recipient works for less than nine months, the Administration does not consider the trial work period as evidence that the individual is no longer disabled. *See* 20 C.F.R. § 404.1592; *see also Moore v. Comm'r of the Soc. Sec. Admin.,* 278 F.3d 920, 924–25 (9th Cir. 2002) ("[T]he SSA's regulations provide for a 'trial work period' in which a claimant may 'test your ability to work and still be considered disabled.'" (quoting 20 C.F.R. §404.1592)). By analogy, if working for almost nine months is not evidence that a disability benefit recipient is no longer disabled, then a three month unsuccessful work attempt is surely not a clear and convincing reason for finding that a claimant is not credible regarding the severity of his impairments. *See Lingerfelter*, 504 F.3d at 1039 (nine week unsuccessful work attempt not a clear and convincing reason for finding claimant less than credible regarding the severity of his impairments).

The ALJ also erred by attributing tardiness, absenteeism and the need for

ORDER - 8

naps to Phillips' attorney rather than Dr. White (Tr. 29), as the parties acknowledge.

    *B. Credibility*

To aid in weighing the conflicting medical evidence, the ALJ evaluated Phillips' credibility. Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005). It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reason for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

Phillips challenges the ALJ's negative credibility assessment. ECF No. 14 at 9-13. The Commissioner concedes the ALJ erred when he relied on plaintiff "never" seeking or requiring medical treatment for sleep apnea and knee complaints without "addressing Plaintiff's testimony that he did not have insurance to see a doctor" and Dr. White's testimony with respect to CPAP and another sleep apnea treatment tried by Phillips. ECF No. 20 at 13, Tr. 27, 40-41, 43, 46, 54, 65-67, 69-70, 72, 77, 244.

Disability benefits may not be denied because of the claimant's failure to obtain treatment he cannot obtain for lack of funds. *See Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007).

Plaintiff's attempts at treatment failed (Tr. 69-70). In the case of a complaint of pain, failure to seek treatment may be probative of credibility, because a person's normal reaction is to seek relief from pain, and because modern medicine

ORDER - 9

is often successful in providing some relief. *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007). But in the case of impairments where the stimulus to seek relief is less pronounced, and where medical treatment is very unlikely to be successful, the approach to credibility makes little sense. *Id*. Dr. White testified that losing weight and surgery are the only two remaining options for treating Phillips' obstructive sleep apnea. He lost one hundred pounds at one point but still suffers nightly. He has no medical insurance and no source of income (Tr. 38, 40, 45-46, 53-58, 60-63, 67, 69, 218). On this record the ALJ erred by finding Phillips had not sought medical treatment for obstructive sleep apnea.

The ALJ relied on Phillips' ability to work part-time when he discounted his credibility, which, as noted above is incorrect.

The ALJ relied on receipt of unemployment benefits when he discounted Phillips' credibility (Tr. 28). Citing *Carmickle v. Comm'r of Soc. Sec. Admin*., 533 F.3d 1155, 1161-62 (9th Cir. 2008), the Commissioner alleges this is proper. ECF No. 20 at 16. While *Carmickle* states that receipt of such benefits can undermine a claimant's alleged inability to work fulltime, it is inapposite here where the medical and vocational evidence clearly demonstrate Phillips' disability.

Because the ALJ did not provide clear and convincing reasons for excluding Phillips' symptoms and limitations related to daytime somnolence from his RFC assessment, substantial evidence does not support the assessment. *See Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984) ("Because … the ALJ had no clear or convincing reasons for rejecting [claimant's allegations of persistent disabling pain], claimant's pain should have formed a part of the ALJ's question to the expert").

The ALJ's reasons for finding Phillips less than credible are not clear and convincing, nor are they supported by the record. His reasons for failing to credit Dr. White's assessed limitations are not supported by the record. The question

ORDER - 10

presented to the VE failed to include all of the limitations supported by the evidence. The errors are harmful.

When the evidence is properly credited, it is clear Phillips is disabled and the case should be remanded for an immediate award of benefits.

## CONCLUSION

After review the Court finds the ALJ's decision is not supported by substantial evidence and free of legal error.

**IT IS ORDERED**:

1. Plaintiff's motion for summary judgment, **ECF No. 14**, is **granted. The case is reversed and remanded for an immediate award of benefits.**

2. Defendant's motion for summary judgment, ECF No. 20, is denied.

The District Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of plaintiff and **CLOSE** the file.

DATED this 7th day of February, 2014.

*s/James P. Hutton*

JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE